# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TURY DOMINGUEZ, | CASE NO. 1:10-cv-00364-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| DARREL G. ADAMS, et al., | (Doc. 1) |
| Defendants. | |
| _____/ | |

Plaintiff Tury Dominguez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at the California State Prison in Corcoran, California ("CSP-Corcoran").  Plaintiff is suing under Section 1983 for the violation of his rights under the Fourteenth Amendment.  Plaintiff names Darrel G. Adams, S. Rocha, R. Davis, I. Bueno, L. Billion, A. Gomez, Maurice Junious, M. Ruff, Everett, W. Fischer, P.R. Jones, M. Hodges Wilkins, N. Grannis, and S. Hubbart as defendants ("Defendants").  For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims.  The Court will grant Plaintiff thirty (30) days to file an amended complaint which cures the deficiencies described in this order.

## I.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

## II.  **Background**

Plaintiff claims that his rights were violated because he was retained in the SHU[1] and placed on single cell status.  On May 8, 2008, Plaintiff appeared before a committee.  The committee decided to place Plaintiff on single cell status.  Plaintiff complains that prison officials did not support that decision with any reliable evidence that suggested Plaintiff's life was in danger.  The committee also decided to retain Plaintiff in the SHU for a "determinate term."  Plaintiff confusingly alleges that the decision was "based on 'S's active merds[sic], 'S's presence in the general population may be a threat to the safety and security of the institutional if pelease[sic] at this time."  (Compl. 3, ECF No. 1.) Plaintiff does not explain who or what "S" is.  Plaintiff claims that there is no evidence that Plaintiff would pose a threat if placed in the general population.

---

[1]Segregated Housing Unit

### III.   Discussion

#### A.   Equal Protection Claims

Plaintiff claims that Defendants violated his equal protection rights by retaining him in the SHU and placing him on single cell status.  The Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's membership in a protected class.  See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001).  Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race.  Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir.2005).   If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.2002).  To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment.  Village of Willowbrook, 528 U.S. at 564.

Plaintiff has not alleged any facts that support a discrimination claim under the Fourteenth Amendment.  Plaintiff has not alleged that he is a member of any identifiable class and Plaintiff has not alleged that he was intentionally treated differently from others similarly situated because of his membership in an identifiable class.  There are no allegations in Plaintiff's complaint that suggest Defendants discriminated against Plaintiff.  Plaintiff fails to state a claim under the Equal Protection Clause.

///

///

3

1  **B.**   <u>**Due Process Claims**</u>

2        Plaintiff's claims are more appropriately addressed under the Due Process Clause.  The Due

3  Process Clause protects prisoners from being deprived of liberty without due process of law.  <u>Wolff</u>

4  <u>v. McDonnell</u>, 418 U.S. 539, 556 (1974).  To state a cause of action for deprivation of due process,

5  a plaintiff must first establish the existence of a liberty interest for which the protection is sought.

6  Liberty interests may arise from the Due Process Clause itself or from state law.  <u>Hewitt v. Helms</u>,

7  459 U.S. 460, 466-68 (1983).  Liberty interests created by state law are generally limited to freedom

8  from restraint which "imposes atypical and significant hardship on the inmate in relation to the

9  ordinary incidents of prison life."  <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995).  In determining

10  whether a hardship is sufficiently significant enough to warrant due process protection, the Court

11  looks to: (1) whether the challenged condition mirrored those conditions imposed upon inmates in

12  administrative segregation and protective custody and is thus within the prison's discretionary

13  authority to impose, (2) the duration of the condition and the degree of restraint imposed, and (3)

14  whether the state's action will invariably affect the duration of the prisoner's sentence.  <u>Ramirez v.</u>

15  <u>Galaza</u>, 334 F.3d 850, 861 (9th Cir. 2003).

16        When prison officials need to determine whether a prison is to be segregated for

17  administrative reasons (as opposed to disciplinary reasons), due process only requires (1) an

18  informal, nonadversary hearing within a reasonable time after the prisoner is segregated; (2) notice

19  of the reasons for considering segregation; and (3) an opportunity for the prisoner to present his/her

20  views.  <u>Toussant v. McCarthy</u>, 801 F.2d 1080, 1100 (9th Cir. 1986).  Due process does not require

21  a detailed written notice of any charges, representation of counsel or counsel-substitute, an

22  opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner

23  in segregation.  <u>Id.</u> at 1100-1101.  Further, due process does not require disclosure of the identity of

24  any person providing information leading to placement in segregation.  <u>Id.</u>

25        Plaintiff's complaint fails to state any cognizable due process claims.  Plaintiff alleges that

26  he was placed on single cell status at the committee meeting.  However, Plaintiff has failed to allege

27  any facts that suggest that single cell status is a hardship sufficiently significant enough to warrant

28  due process protection.  Placement in a single cell without an opportunity to live with another

4

cellmate is not an atypical and significant hardship.  Accordingly, the Court finds that Plaintiff does not have a protected liberty interest in avoiding single cell status and fails to state a due process claim.

Similarly, Plaintiff alleges that the committee retained Plaintiff in the SHU but fails to allege facts that support the conclusion that Plaintiff has a protected liberty interest in avoiding placement in the SHU.  Plaintiff fails to allege how SHU placement is an atypical or significant hardship.  He does not set forth the length of his SHU term and does not describe how the conditions in the SHU were a significant departure from everyday prison life.  Further, Plaintiff is not entitled to extensive due process protection for his SHU placement.  Plaintiff is only entitled to an informal, non-adversarial hearing, notice of the reasons for considering SHU placement, and an opportunity to present his own views.  Plaintiff was not deprived of any of these protections.

Finally, it is unclear whether Plaintiff the May 8, 2008, committee meeting was the only meeting relevant to Plaintiff's SHU placement, or whether Plaintiff attended other meetings or hearings prior to May 8 related to his SHU placement.  To evaluate whether Plaintiff received adequate due process protection for his SHU placement, the Court must evaluate all the hearings Plaintiff received related to his SHU placement.  Plaintiff cannot prevail on a due process claim by simply focusing on a single hearing when he may have received adequate due process at prior hearings related to his SHU placement.  Accordingly, Plaintiff has failed to set forth a claim under Section 1983.

### C.    Causation

Plaintiff names several prison officials as defendants.  However, Plaintiff fails to explain how each named defendant is liable for the claims raised in his complaint.  Defendants are not sued collectively.  Plaintiff must allege individualized facts that demonstrate what each defendant did and how they are liable.  "In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury."  Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).  "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation."  Id.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions

1    are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.

2    1988).  Unforseen intervening causes break the chain of proximate causation in Section 1983 actions.

3    Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996).

4            Further, the Court notes that Plaintiff has named several supervisory personnel as defendants.

5    Supervisory personnel are generally not liable under Section 1983 for the actions of their employees

6    under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory

7    position, the causal link between him and the claimed constitutional violation must be specifically

8    alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438,

9    441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under Section 1983

10   based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim

11   that supervisory defendants either personally participated in the alleged deprivation of constitutional

12   rights, knew of the violations and failed to act to prevent them, or promulgated or "implemented a

13   policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving

14   force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal

15   citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

16           Plaintiff fails to describe the conduct of each defendant.  Accordingly, the Court finds that

17   Plaintiff fails to state a claim against any defendant because it is unclear how they are liable for

18   Plaintiff's injuries.

19   **IV.    Conclusion and Order**

20           The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

21   which relief may be granted under Section 1983.  The Court will provide Plaintiff with the

22   opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

23   See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave

24   to amend should be granted even if no request to amend was made unless the court determines that

25   the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d

26   1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless

27   it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

28   Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his

1   amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

2            If Plaintiff elects to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a).

3   Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's

4   constitutional or other federal rights.  "The inquiry into causation must be individualized and focus

5   on the duties and responsibilities of each individual defendant whose acts or omissions are alleged

6   to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

7   With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P.

8   10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other

9   words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's

10  complaint because at this stage Plaintiff's factual allegations will be accepted as true.

11           However, although Plaintiff's factual allegations will be accepted as true and that "the

12  pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint

13  must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

14  its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly,

15  550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content

16  that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

17  alleged."  Id. (citing Twombly, 550 U.S. at 556).

18           Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

19  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

20  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

21  pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

22  complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing

23  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

24  1474.  In other words, even the claims that were properly stated in the original complaint must be

25  completely stated again in the amended complaint.

26           Accordingly, based on the foregoing, it is HEREBY ORDERED that:

27           1.        Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

28           2.        The Clerk's Office shall send Plaintiff a complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.      Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.      If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:    November 15, 2010            /s/ Sheila K. Oberto**
                                                 UNITED STATES MAGISTRATE JUDGE