# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TURY DOMINGUEZ, | CASE NO. 1:10-cv-00364-SMS PC |
| Plaintiff, | ORDER FINDING COGNIZABLE CLAIMS AND DISMISSING CERTAIN DEFENDANTS |
| v. | (ECF No. 10) |
| DARREL G. ADAMS, et al., | |
| Defendants. | |

**I.   Screening Requirement**

Plaintiff Tury Dominguez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is the first amended complaint, filed December 17, 2010.  (ECF No. 10.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.     Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is housed at California State Prison, Corcoran. Plaintiff brings this action against Defendants Darrel G. Adams, L. Billion, A. Gomez, Maurice Junious, M. Ruff, Everett W. Fisher, P. R. Jones, M. Hodges Wilkins, and Susan Hubbert alleging that he is being detained in the Security Housing Unit ("SHU") on the basis of current active gang association in violation of his due process rights. (First Am. Compl. 2-3, ECF No. 10.)

On May 8, 2008, Plaintiff appeared before the Institutional Classification Committee ("ICC") for annual review and was sentenced to an indeterminate SHU term because he was found to be an active gang associate of the Mexican Mafia. The ICC relied upon the gang validation review prepared by Defendants Ruff, Jones, and Fischer. The source item used to validate Plaintiff was dated January 27, 2006. (Id. at 3.)

Plaintiff alleges that the source of the determination that Plaintiff was involved in gang activity has been effectively undermined because Plaintiff was identified as a stabbing victim in a confidential memorandum dated July 15, 2006. Additionally, according to a confidential memorandum dated January 22, 2008, Plaintiff is currently on a hit list for the Mexican Mafia.

Plaintiff alleges that since the subsequent information shows that he is in "bad standing" with the Mexican Mafia, the ICC abused its discretion by imposing an indeterminate sentence in the SHU on May 8, 2008. (Id. at 4.)

Plaintiff alleges that the ICC members, Defendants Junious, Jennings, Billiou, and Gomez violated the consent decree of Castillo v. Alameida, 3:94-cv-02847-MJJ (N.D.Cal. Nov. 15, 2004), and Plaintiff's due process rights by retaining him in the SHU in the absence of some evidence of gang involvement. (Id. at 4-5.)

**III.     Discussion**

**A.     Consent Decree**

Plaintiff's allegations that Defendants violated the consent decree in Castillo v. Alameida fails to state a cognizable claim for a violation of his federal rights. The violation of consent decrees, settlements, or injunctions in other cases does not provide liability in this action. See Frost v. Symington, 197 F.3d 348, 353 (9th Cir. 1999); Coleman v. Wilson, 912 F.Supp. 1282, 1294 (E.D.Cal. 1995). Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions that are the subject of an existing class action "must be made through the class representative until the class action is over or the consent decree is modified." McNeil v. Guthrie, 945 F.2d 1163, 1166 (10th Cir.1991).

**B.     Due Process**

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484).

The Supreme Court has held that indefinite placement in Ohio's "supermax" facility, where inmates are not eligible for parole consideration, imposed an "atypical and significant hardship

within the correctional context." Wilkinson v. Austin, 545 U.S. 209, 223-25 (2005). Since indefinite placement in California's SHU may render an inmate ineligible for parole consideration, this may create a liberty interest in not being placed indefinitely in the SHU which would entitle prisoners to the minimal procedural protections upon initial validation and subsequent inactive reviews. See Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2010 WL 4137158, *8 (E.D.Cal. Oct. 19, 2010).

To comply with due process prison officials must provide the inmate with "some notice of the charges against him and the opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation. Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) Additionally, the inmate must receive periodic reviews of his placement in administrative segregation. Hewitt v. Helms, 459 U.S. 460, 477, n.9 (1983) overruled on other grounds by Sandin v. Conner, 515 U.S. 742 (1995).

California's decision to classify gang members for placement is SHU is not a disciplinary measure, but is designed to preserve order in the institution and protect inmates and is a matter of administrative discretion. Bruce, 351 F.3d at 1287. Therefore the decision to place an inmate on indeterminate SHU status based on gang affiliation must be supported by "some evidence." Id. The evidence relied on must have some indicia of reliability. Toussaint v. McCarthy, 926 F.2d 800, 803 (9th Cir. 1990).

Plaintiff is challenging the evidence relied on by the ICC to sentence him to an indeterminate SHU term alleging that it did not establish some evidence of gang association. Liability under section 1983 requires a showing of personal involvement, Iqbal, 129 S.Ct. at 1949, and it is only the critical decision makers in Plaintiff's validation who may be held liable for denial of due process, see e.g., Perez v. Woodford, No. CV-1-06-610-MHM, 2010 WL 3943536, at *7 (E.D.Cal. Oct. 1, 2010) (discussing the critical decision maker in the gang validation context); Avina v. Medellin, No. CIV S-02-2661-FCD KJM P, 2010 WL 3516343, at *5-6 (E.D.Cal. Sept. 3, 2010); Madrid v. Gomez, 889 F.Supp. 1146, 1276 (N.D.Cal. 1995).

In the Court's experience, while there are various committee hearings and the validation package passes through various hands before it is approved or rejected, it is the Institutional Gang

Investigators and/or those in the Special Service Unit who are the critical decision makers while the members of classification committees are not necessarily critical decision makers. Plaintiff's complaint fails to allege that the ICC was aware of the subsequent information that would refute the evidence presented in the report. Since Plaintiff has not alleged that the ICC members had knowledge of the information he claims refutes the validation, he has failed to state a cognizable claim against Defendants Junious, Jennings, Billion, and Gomez.

However, Plaintiff's allegation that Defendants Ruff, Jones, and Fischer prepared the report finding Plaintiff to be a gang associate while later confidential memos demonstrated that he was not currently a gang associate is sufficient to state a cognizable claim.

### C.  Defendant Liability

Defendants Darrel Adams, Warden, and Susan Hubbert, Director of CDCR, may not be held liable based upon the position that they hold within CDCR. Iqbal, 129 S. Ct. at 1948. Plaintiff has failed to set forth any allegations to show that Defendants Adams or Hubbert were personally involved in the decision to validate Plaintiff and confine him to the SHU. Id. at 1948. Therefore, Plaintiff fails to state a claim against Defendants Adams or Herbert.

## IV.  Conclusion and Order

Plaintiff's first amended complaint states a cognizable claim against Defendants M. Ruff, P. R. Jones, and Everett W. Fischer for a violation of due process, however, Plaintiff allegations fail to state any additional claims under section 1983. Plaintiff was previously notified of the deficiencies in his claims and provided with the opportunity to amend, but was unable to cure the deficiencies. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, it is HEREBY ORDERED that:

1. This action shall proceed on Plaintiff's first amended complaint, filed December 17, 2010, against Defendants M. Ruff, P. R. Jones, and Everett W. Fischer for a violation of due process; and

///

///

///

5

2.  Defendants Darrel G. Adams, L. Billion, A. Gomez, Maurice Junious, M. Hodges Wilkins, and Susan Hubbert are dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   October 14, 2011**                           /s/ Sandra M. Snyder
                                                   UNITED STATES MAGISTRATE JUDGE