# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TURY DOMINGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>DARREL G. ADAMS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-00364-BAM PC<br><br>ORDER DENYING UNITED STATES MARSHAL'S REQUEST FOR REIMBURSEMENT OF COSTS INCURRED IN EFFECTING PERSONAL SERVICE ON DEFENDANT JONES<br><br>(ECF No. 26)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SERVE ORDER ON MARSHAL'S SACRAMENTO OFFICE |

On July 16, 2010, the United States Marshal filed a request seeking reimbursement of the costs incurred in effecting personal service on Defendant Jones. Fed. R. Civ. P. 4(d)(2). (ECF No. 26.) On April 26, 2012, an order issued requiring Defendant Jones to respond to the Marshal's request for reimbursement of costs. (ECF No. 28.) On May 8, 2012, Defendant Jones filed his response. (ECF No. 31.)

The United States Marshal mailed a waiver of service to Defendant Jones at California Correctional Institution ("CCI"), Tehachapi. On January 18, 2012, a letter was sent to the United States Marshal stating that Defendant Jones, the party to be served in this action, had never worked at CCI, but was a former employee of the Office of Correctional Safety. On February 22, 2012, the Office of Correctional Safety received a summons for Defendant Jones and was unable to find a current address for him. On March 6, 2012, a letter was mailed to the Marshal stating that Defendant Jones had retired, and the Office of Correctional Safety could not accept service of process for him.

On March 27, 2012, the Marshal attempted personal service on Defendant Jones at CCI. The Office of Correctional Safety ultimately located Defendant Jones and a waiver of service was mailed to the Marshal on April 9, 2012.

Rule 4(d)(2) of the Federal Rules of Civil Procedure provides in part that the court must impose costs on a defendant who fails to sign and return a waiver of service without good cause. In this instance, the Marshal attempted service at CCI, where Defendant Jones had never been employed. After being informed that Defendant Jones had retired from the Office of Correctional Safety and they were unable to locate a current address, the Marshal attempted personal service at CCI. Once Defendant Jones was located by the Office of Correctional Safety and informed of this action, he mailed a waiver of service to the Marshal. Defendant Jones has demonstrated good cause for his failure to return the waiver of service prior to the Marshal attempting to effect personal service, and the Marshal's request for reimbursement of costs is HEREBY DENIED. The Clerk's Office is DIRECTED to serve a copy of this order on the Marshal's Sacramento Office.

IT IS SO ORDERED.

**Dated:   May 10, 2012**                  /s/ **Barbara A. McAuliffe**
                                                          UNITED STATES MAGISTRATE JUDGE