IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

TURY DOMINGUEZ,                                    1:10-cv-00364-BAM (PC)

          Plaintiff,

        vs.                                                         ORDER DENYING MOTION FOR
                                                                    APPOINTMENT OF COUNSEL

DARREL G. ADAMS, et al.,
                                                                    (ECF No. 36)
          Defendants.
_____/

     On February 1, 2013, Plaintiff Tury Dominguez ("Plaintiff") filed a motion seeking the appointment of counsel.  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

     Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

-1-

1         Plaintiff contends that he has limited knowledge of the law, that the issues in this case

2    are complex and that the evidence involves confidential information that can only be divulged to

3    an attorney under a protective order.  The court does not find the required exceptional

4    circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has

5    made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

6    This court is faced with similar cases almost daily.  Further, discovery closed in this matter on

7    October 22, 2012, and there is no indication that a protective order was issued in this case or that

8    Plaintiff did not have access to documents during the course of discovery.  Moreover, at this

9    stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed

10   on the merits.  Plaintiff has not filed a timely opposition to Defendants' motion for summary

11   judgment.  Additionally, based on a review of the record in this case, the court does not find that

12   plaintiff cannot adequately articulate his claims.  Id.

13        For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY

14   DENIED without prejudice.

15        IT IS SO ORDERED.

16   **Dated:   February 21, 2013**              **/s/ Barbara A. McAuliffe**

17                            UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28